Charles Allen JOHNSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 3008.

Supreme Court of Alaska.

May 5, 1978.

Barbara J. Miracle, Asst. Public Defender, Brian Shortell, Public Defender, and Robert Adelman, Anchorage, for appellant.

Monica Jenicek, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

PER CURIAM.

The sole issue raised by this appeal is whether the trial court's failure to follow the dictates of Rule 31(f), Alaska Rules of Criminal Procedure,[1] requires us to reverse defendant's conviction. We hold that it does.

Appellant Johnson was tried with a co-defendant on a charge of sale of a narcotic drug in violation of AS 17.10.010. The case was ready to go to the jury shortly before noon on Friday, April 16, 1976. Counsel for Mr. Johnson stated for the record his objection to the use of a sealed verdict and informed the court that the rule prohibited the use of sealed verdicts over the defendant's objection. Counsel for the co-defendant joined in the objection. Nevertheless, the trial judge allowed the jury to use a sealed verdict.[2]

---

1. Rule 31(f), Alaska Rules of Criminal Procedure, provides as follows:

   "(f) *Sealed Verdict.*
   *Upon stipulation of counsel,* the court may permit the foreman of the jury to date, sign and seal in an envelope a verdict reached after the usual business hours. The jury may then separate, but all must be in the jury box to deliver the verdict when the court next convenes or as instructed by the court." (Emphasis supplied)

2. The exchange between defense counsel and the trial judge was as follows:
   "MR. BRYSON: . . . I wanted to specifically put my objection to the use of the sealed verdict on the record. I've reviewed the rule since yesterday and the rule clearly states upon stipulation of counsel. My concern is that we're headed into Good Friday weekend. The jury will retire and start deliberations on Friday night of that weekend. I believe that my client . . . should have the opportunity to confront that jury when they reach a verdict and poll them at that

A verdict was reached at 11:59 p.m. on Friday night. The verdict was sealed and the jurors went home for the Easter weekend. They returned to court the following Monday morning. At that time, a verdict of not guilty was returned for the co-defendant; Mr. Johnson was found guilty. Mr. Johnson and his attorney were present when the jury returned its verdict in open court and each juror was individually polled.

We note initially, and the state concedes, that the trial court erred in allowing the use of a sealed verdict without the defendant's consent. In addition, the trial court failed to admonish the jurors not to discuss their deliberations or their verdict with anyone before the verdict was returned by them in open court. The state urges, however, that the error was not prejudicial.

In fact, we have no way of knowing whether defendant's rights were prejudiced by the trial court's disregard for the mandate of Rule 31(f). The language of that rule is clear and unambiguous, and leaves no room for judicial construction. This was not an inadvertent mistake by the trial court. It was a deliberate refusal to follow a promulgated rule. If the rule is to have any vitality, it must be obeyed under the circumstances of this case. We must reverse appellant's conviction and remind the trial courts that the clear terms of Rule 31(f) must be complied with in the future.

REVERSED and REMANDED.

MATTHEWS, J., dissents.

MATTHEWS, Justice, dissenting.

There is nothing inherently unreliable about the use of a sealed verdict. The verdict is reached and recorded before the jury separates. With respect to the interests of the parties, the only difference between a sealed verdict and present practice is the right to poll the jury just after the verdict is reached rather than on the next business day. Whether a juror is more or less apt to voice his misgivings about the result reached after a delay is entirely debatable. In this case the jurors were polled and unanimously affirmed the verdict. There has been no suggestion of any improper conduct by any of them. In *Love v. State*, 457 P.2d 622 (Alaska 1969) we articulated a standard of harmless error. Applying that standard to this situation, I am able to say with fair assurance that the court's error did not appreciably affect the jury's verdict. I would, therefore, affirm.

One reason the majority reverses this conviction is to insure future compliance with Criminal Rule 31 by our trial bench. I question whether the remedy of reversal is necessary to accomplish this goal. If the court is persuaded that the trial judge intentionally violated, the Rule, it would be appropriate to refer the matter to the Judicial Qualifications Commission for appropriate action.[1] Of course, it will be somewhat inconvenient to impanel the Commission on a relatively unimportant matter such as this. However, that inconvenience is not greater than the detriment associated with the retrial of defendant and the Commission proceedings at least focus on the problem in the case, judicial misconduct, while the retrial of the defendant does not.

time rather than on a Monday morning after they've had time to be away from their deliberations.
"THE COURT: Well, I don't share your concern. The motion is denied if it was a mo-

tion. If it's an objection on the record it will be noted."

